NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN MICKENDROW,<br><br>                       Plaintiff,<br>v.<br><br>DAVID B. WATNER, ESQ.,<br><br>                       Defendant. | Civil Action No. 20-007 (JMV)<br><br><br><br>OPINION |

**FALK, U.S.M.J.**

This is an action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff alleges that Defendant is attempting to collect a debt that is not owed. Before the Court is Plaintiff's motion to compel the deposition of a non-party Medicare administrator contractor regarding determination of Plaintiff's claim for medical services which forms the basis of the debt in dispute. The motion is opposed. The motion is decided on the papers. Fed.R.Civ.P. 78(b). For the reasons set forth below, the motion is **denied**.

# BACKGROUND[1]

Plaintiff, Brian Mickendrow ("Plaintiff"), filed this action against Defendant David B. Watner, Esq. ("Defendant") for an alleged violation of the FDCPA. Plaintiff alleges that Defendant is attempting to wrongfully collect on a debt that is not owed.

The alleged debt originated from medical services provided by Ocean Pulmonary Associates, PA ("Ocean") to Plaintiff, a Medicare participant. (Compl. ¶ 8.) According to Plaintiff, he received a bill from Ocean, disputed it with Medicare, and received a decision that he was only responsible for a small portion, with the remainder of the bill being Ocean's responsibility. (Compl. ¶¶ 9-11.) Plaintiff claims that he made payment for his portion of the bill as determined by Medicare's decision. Subsequently, Defendant sent Plaintiff a collection letter seeking to collect the remainder of the bill. Plaintiff claims that, as determined by Medicare, he does not owe the balance and that Defendant's attempt to collect a debt not due and owing is false and misleading in violation of the FDCPA. (Compl. ¶¶ 13-15.)

In early December 2020, Plaintiff sent a subpoena to non-party Novitas Solutions, Inc. ("Novitas"), a Medicare Administrator Contractor, seeking documents and the deposition of a representative of Novitas regarding the medical services received by Plaintiff and its determination of the claims submitted. The United States Department of Health and Human Services ("HHS") Centers for Medicare and Medicaid Services ("CMS") responded advising Plaintiff that a request for testimony of a Medicare

---

[1] This section is drawn largely from the Complaint and the parties' papers. Some aspects of this background may be disputed. Direct citations are sometimes omitted.

contractor must be submitted as a *Touhy* request pursuant to the agency's regulations at 45 C.F.R. Part 2.[2]

In a letter dated December 30, 2020, Plaintiff submitted a "Request for Live Testimony of a Novitas Representative." (Declaration of Annette Spackman ("Spackman Decl.") at ¶ 6, Exh. C.) Plaintiff's letter asserted that the existence of a debt turns on Medicare coverage and subsequent appeal decisions and that "[w]hile the [Medicare] appeal decisions themselves are available to both parties through documentation, they appear to be contradictory and both parties are drawing opposite conclusions." *Id.*

On January 15, 2021, in response to Plaintiff's request for records, Novitas provided all responsive documents—totaling 255 pages—to Plaintiff.

On February 1, 2021, HHS declined to authorize the requested testimony on the grounds that Plaintiff failed to satisfy the terms of its *Touhy* regulations. (HHS Br. at 2.) Specifically, HHS concluded that Plaintiff's deposition request was broadly worded and would require Novitas to provide testimony on an expansive array of subject matter, Plaintiff did not justify the need for testimony in light of the substantial document production HHS previously provided, and Plaintiff's request offered no compelling reason to find that providing testimony would be in the interest of HHS.

Plaintiff filed the instant motion to compel[3] the deposition of a representative of Novitas arguing that the testimony sought is necessary because only Novitas can provide insight as to whether Plaintiff owes the debt or not. According to Plaintiff, Novitas

---

[2] The term "*Touhy* request" comes from the Supreme Court case *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), discussed in further detail herein.
[3] Plaintiff moved pursuant to Federal Rule of Civil Procedure 37(a).

issued two separate decisions, an appeal decision letter on May 15, 2019, and a decision on October 7, 2020, which Plaintiff contends offer "conflicting messages" as to whether Plaintiff owes the debt or not. (Pl.'s Br. at 1.)

Novitas opposes the motion emphasizing that a challenge to HHS's decision to deny Plaintiff's *Touhy* request under the Administrative Procedure Act can only succeed if Plaintiff demonstrates that HHS's determination was arbitrary, capricious, or an abuse of discretion, and that Plaintiff failed to make such a showing. HHS argues that its determination is well-supported by the record, and that Plaintiff provides no basis for this Court to overturn the agency's decision.

## **LEGAL STANDARD**

Pursuant to 5 U.S.C. § 301, a federal agency has the power to promulgate regulations that grant it discretion to determine whether to comply with third-party subpoenas in civil cases to which the agency is not a party. The Supreme Court in *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951) endorsed the use of administrative regulations and centralized decisionmaking as a basis to respond to requests for information. These regulations (known as "*Touhy* regulations") generally prohibit the unauthorized release of information by current and former agency employees and provide a procedure for an agency to determine whether to approve release of the requested documents or information. *Id.* (holding that a subordinate federal employee could not be forced to respond to a subpoena contrary to a departmental regulation).

HHS has promulgated regulations governing the production of documents or information in cases to which the agency is not a party. *See Westchester Gen. Hosp., Inc.*

*v. Dep't of Health and Hum. Servs., Ctr. for Medicare & Medicaid Servs.*, 770 F. Supp 2d 1286 (S.D. Fla. Mar. 18, 2011). These regulations, set forth at 45 C.F.R. §§ 2.1 - 2.6, provide that no employee or former employee of HHS may "provide testimony or produce documents in any proceeding… unless authorized by the Agency head." 45 C.F.R. § 2.3. A party seeking such testimony from a HHS employee must submit a written request to the Agency head providing: (i) the nature of the requested testimony; (ii) why the information is unavailable by any other means; and (iii) why the testimony would be in the interest of HHS or the federal government. 45 C.F.R. § 2.4. The Agency Head determines whether compliance with the request would promote HHS's objectives in accordance with their regulations. 45 C.F.R. § 2.3. (HHS's Br. 7.)

Pursuant to *Touhy*, most courts require a party seeking information from the non-party Government to make a request to the agency pursuant to their administrative regulations. The agency then has discretion in responding to the request. If the requesting party is dissatisfied with what is obtained in the administrative process, review may be sought either through a separate action commenced pursuant to the Administrative Procedures Act ("APA"), or alternatively, in the Court from which the subpoena was served pursuant to Rule 45.[4] *See Aiken v. Eady*, 14-811, 2016 WL 452135, *5 (Feb. 4, 2016 D.N.J.)

---

[4] Some courts require a party seeking information to file an ancillary action under the APA to deem the agency's refusal to provide information arbitrary and capricious. Others consider it a discovery dispute that can be decided in the underlying case without commencing a separate action. *See, e.g., Solomon v. Nassau County,* 274 F.R.D. 455, 458 (E.D.N.Y. 2011) (collecting cases on both views); *Ceroni v. 4Front Engineered*, 793 F. Supp. 2d 1268 (D. Colo. 2011). There is no binding authority on the subject. The majority view seems to be to consider the dispute as a discovery matter in the underlying litigation. *See, e.g., Johnson v. Folino*, 528 F. Supp. 2d 548 (E.D. Pa. 2007) (holding that "the court has jurisdiction to determine this discovery dispute; petitioner need not file an ancillary proceeding under the APA.").

Thus, the agency's decision declining to authorize testimony in response to a subpoena may be reviewed under the Administrative Procedure Act ("APA").[5] *See Davis Enter. v. United States Envtl, Prot. Agency*, 877 F.2d 1181, 1185-86 (3d Cir. 1989). A federal court may set aside an agency's decision only when that action is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *CBS Corp. v. FCC*, 663 F.3d 122, 137 (3d Cir.2011) (quoting 5 U.S.C. § 706(2)(A)). "This is a deferential standard that presumes the validity of agency action." *SBS Inc. v. F.C.C.*, 414 F.3d 486, 496 (3d Cir. 2005) (internal quotations and citations omitted). An agency's decision may not be set aside under the APA if it is rational, based on relevant factors, and within the agency's statutory authority. *See Motor Vehicle Mfr. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42-43 (1983). The party challenging an agency action bears the burden of showing that the action is arbitrary or capricious. *See Am. Farm Bureau Fed'n v. U.S. E.P.A.*, 984 F. Supp. 2d 289, 309 (M.D. Pa. 2013), aff'd, 792 F.3d 281 (3d Cir. 2015) (citing *Forest Guardians v. U.S. Fish & Wildlife Serv.*, 611 F.3d 692, 704 (10th Cir. 2010) and *Taggart v. GMAC Mortg., LLC*, 2013 WL 4079655 *3 n. 6 (E.D. Pa. Aug. 12, 2013)).

---

[5] 5 U.S.C.A. § 706(2)(A). Under the APA, a person "adversely affected . . . by agency action" may seek review of that action in federal court, to the extent permissible by law, and a court may set aside the agency's action only when it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 702, 706(2)(A); see Treasurer of New Jersey v. United States Dep't of Treasury, 684 F.3d 382, 396 (3d Cir. 2012). Although the Third Circuit has not explicitly spoken on review of a *Touhy* denial originating from a federal civil case, courts in this district, have upheld an agency's Touhy decision applying the APA standard. See e.g., *Merco Inc v. U.S. Federal Highway Admin.,* No. 09-552, 2009 WL 5204981, (D.N.J. Dec. 23, 2009) (adopting the magistrate's report and recommendation finding that the Department of Transportation's decision denying plaintiff's demand for a deposition was neither arbitrary, capricious, nor an abuse of discretion).

**DISCUSSION**

HHS's decision to decline to permit the testimony of a Novitas employee may be reviewed under the APA or the less deferential standard of Rule 45. Regardless of the standard applied, the result is the same—Plaintiff's motion to compel should be denied.

To the extent the APA applies, Plaintiff's challenge of HHS's decision can only succeed if he demonstrates that HHS's decision was arbitrary, capricious, or an abuse of discretion. *See* 5 U.S.C. § 706(2)(A); *Davis*, 877 F.2d at 1186. The Court has examined Plaintiff's request for information against this backdrop and concludes that Plaintiff has failed to make such a showing. For the reasons expressed below, Plaintiff's motion will be denied.

Plaintiff, as the party seeking testimony, was required to satisfy the three criteria of HHS's *Touhy* regulations. First, the regulations require that a party seeking information "set forth the nature of the requested testimony." (Novitas's Br. at 1.) Plaintiff's subpoena sought testimony as to: (1) all information regarding Plaintiff and medical services received by him from Ocean in December 2018 and January 2019; (2) all information regarding claims submitted by Ocean; and (3) all information regarding any determination of the claims submitted by Ocean, appeals of those claims, decisions on those appeals, and changes to decisions. (Declaration of Annette Spackman, ¶ 5, Exh. A.) HHS concluded that Plaintiff's deposition request was broadly worded and would require Novitas to provide testimony on an expansive array of subject matter. It also determined that Plaintiff's *Touhy* request did not narrow the scope of the subject matter of the deposition, but rather gave only examples of what could be expected. In arriving

at its decision, HHS points out that Plaintiff's request indicated that an affidavit "would not be able to anticipate all the questions of counsel," further supporting HHS's concern that the request is overbroad and inconsistent with the more limited subject matter of Plaintiff's Complaint.

Second, the party seeking information must "explain why the information sought is not available through other means." *Id.* According to HHS, it had previously provided Plaintiff with all the records available in its possession regarding the medical services plaintiff received from Ocean, the claims submitted to CMS by Ocean, and Novitas' determinations of those claims. With respect to Plaintiff's contention that Novitas issued contradictory decision letters—dated May 14, 2019 and October 7, 2020—HHS found that the documents could speak for themselves and did not require testimony for further clarification. (Spackman Decl., Ex. D at 3.) Specifically, HHS concluded that the 2020 letter which Plaintiff called "contradictory" explicitly stated that it was issued to correct a mistake contained in the prior determination letter. HHS pointed out that the October 7, 2020 letter superseded the determination made in the May 14, 2019 letter and clearly stated that the services in question were covered by Medicare and thus Plaintiff could be billed for any coinsurance or deductible associated with the services. To the extent any confusion remained, HHS provided a highly detailed and comprehensive Declaration of a Novitas Appeals Operation Support Manager ("Declaration") in opposition to this motion which explains at length that the medical services at issue were covered by Medicare and thus Plaintiff could be billed for a copay and/or deductible. (Spackman Decl. ¶¶ 17-22.)

Third, the party seeking information must "provide the reasons why the testimony

would be in the interest of HHS or the federal government." Noting that the FDCPA is not administered or enforced by HHS and relying on relevant case law, HHS concluded that it has no interest in private disputes that may vaguely relate to Medicare. (Novitas Br. at 16.) HHS further opined that granting the deposition would harm the agency's goal of maintaining impartiality with respect to private litigants and avoiding disruption of official duties.

The Court finds that HHS's decision to decline Plaintiff's request was not arbitrary, capricious or an abuse of discretion. Quite to the contrary, HHS's decision is amply supported by the record. HHS's response to Plaintiff's *Touhy* request, the documentation provided in response to Plaintiff's subpoena, and the Declaration of the Appeals Operation Support Manager submitted in opposition to the instant motion provide a comprehensive explanation of Medicare's coverage determination as it relates to medical services provided to Plaintiff by Ocean.

For the same reasons, even if the Court were to apply the less deferential Rule 45 analysis to the question before it, the result would be the same. HHS has now provided plaintiff with more than 255 pages of records as well as a ten-page Declaration which clearly addresses Plaintiff's concerns regarding the alleged "conflicting messages" of the two decision letters at issue. More specifically, the Declaration provides a clear explanation of the origins of the two decision letters (noting the first to have been made in error) and a detailed statement that the medical services at issue were covered by Medicare and that Plaintiff was subject to billing by Ocean for a copay or deductible. Novitas is not a party to this case and is afforded more protection from discovery than

parties to the litigation.  *See Chazanow v. Sussex Bank*, No. 11-1094, 2014 WL 2965697, at *3(D.N.J. July 1, 2014). While the Court does not impose its own opinion as to whether the agency should have granted the request for a deposition of a Novitas representative, it is strained to see how Plaintiff needs it now.  The burden placed on Novitas by a deposition of one of its representatives far outweighs any benefit that could possibly accrue to Plaintiff, especially since Plaintiff appears to have the exact information he sought by way of the subpoena in the first place.  *See* Fed. R. Civ. P. 26(b)(1).

## **CONCLUSION**

In sum, HHS's decision was not arbitrary, capricious or an abuse of discretion. HHS has provided Plaintiff with the information it seeks.  For these reasons, Plaintiff's motion will be denied.

s/Mark Falk  
**MARK FALK**  
**Dated:  July 7, 2021**                Chief U.S. Magistrate Judge